504 So.2d 840 (1987)
STATE of Louisiana
v.
Carl L. McBRIDE.
No. 86-K-1628.
Supreme Court of Louisiana.
April 6, 1987.
*841 William Roe, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Darryl Bubrig, Sr., Dist. Atty., Gilbert Andry, III, Asst. Dist. Atty., for plaintiff-respondent.
DENNIS, Justice.
Defendant, Carl L. McBride, was convicted by a jury of theft of property valued at $500 or more, La.R.S. 14:67, adjudged to be a multiple offender, and sentenced to ten years at hard labor to run consecutively with an eight year sentence made executory on the basis of this conviction. Defendant appealed and the court of appeal affirmed his conviction and sentence. State v. McBride, 492 So.2d 222 (La.App. 4th Cir.1986). This court granted a writ to determine whether the evidence is constitutionally sufficient to support the conviction. 495 So.2d 290 (La.1986). We reverse the defendant's conviction, multiple offender adjudication and sentence and remand the case to the trial court for further proceedings. The evidence is not sufficient to support a finding beyond a reasonable doubt by any reasonable trier of fact of one of the essential elements of theft, viz., that the defendant intended to permanently deprive the owner of the thing taken. In this case, this court cannot modify the jury's verdict by substituting a conviction of a lesser included offense because it is not clear that the jury necessarily found that the lesser offense had been proven beyond a reasonable doubt.

Facts
The defendant's sister entrusted him with the care of her four year old daughter and her automobile while the sister was in the hospital giving birth to another child. She also gave the defendant the keys to her house and told him to take anything he *842 needed to care for the child. At the time, the sister's husband, an offshore fisherman, was away on a fishing expedition. Six days later, the defendant removed two pieces of his sister's jewelry from the house and used them as security for a loan from a pawnbroker. The jewelry consisted of a gold and diamond necklace which had been purchased for the cost of $1,040 and a gold necklace with a medallion of uncertain value inscribed with the sister's nickname in Arabic. The defendant borrowed $100 from the pawnbroker, using his correct name and driver's license as identification. The pawnbroker agreed to permit redemption of the jewelry by any holder of the pawn ticket upon payment of $125 within 90 days, or upon payment of this amount plus $12.50 per month if the objects were redeemed within one year. The defendant and the pawnbroker agreed that the jewelry would be forfeited to the pawnbroker if it was not redeemed within one year. Several days later, defendant's sister left the hospital, returned to her house and discovered that her jewelry had been taken. Her husband's complaint to law officers led to a routine check with the pawnbroker and to the identification of the defendant as the pawner. When confronted by the officers, defendant readily admitted that he had taken the jewelry and pawned it.

Theft Under La.R.S. 14:67
As defined by La.R.S. 14:67, theft consists of three elements: (a) the "misappropriation or taking of anything of value which belongs to another," (b) either "without the consent of the other ... or by means of fraudulent conduct," (c) with "intent to deprive the other permanently" of the object of the taken or misappropriation.

Defendant's Contentions
Defendant contends that the proof was constitutionally insufficient to support his conviction. He argues that two of the elements of the crime, that the taking was (1) "without the consent of the other" and (2) with "intent to deprive" the owner permanently of the object of the theft, were not proved by legally sufficient evidence. La. R.S. 14:67.

Intent to Deprive
The evidence does not justify a finding beyond a reasonable doubt that the defendant intended to deprive his sister permanently of the jewelry taken and pawned. The defendant did not sell or permanently dispose of the jewelry. He pledged the items as security for a loan of a very small magnitude in comparison with the value of the articles. In doing so, the defendant did not attempt to conceal his identity or to prevent detection of his actions. In fact, he disclosed his correct name and address to the pawnbroker and used his driver's license to verify his identity. In his statement to law enforcement officers he said he had given the pawn ticket to his mother along with a written explanation of what he had done. Under the terms of the loan any holder of the pawn ticket could redeem the jewelry. The evidence indicates a likelihood that the defendant and his sister each had the financial ability to repay the small $100 loan with interest within one year in order to redeem the jewelry and to prevent its forfeiture to the pawnbroker. Under these circumstances, we conclude that any reasonable trier of fact would have a reasonable doubt that the defendant intended to permanently deprive his sister of the jewelry taken and therefore could not convict him of the crime of theft. Consequently, this court must set aside the defendant's conviction of theft and consider whether a conviction for a lesser included offense may be substituted therefor.

Unauthorized Use of a Movable
As defined by La.R.S. 14:68, unauthorized use of a movable consists of two elements: (a) the "intentional taking or use of a movable which belongs to another" (b) either "without the other's consent, or by means of fraudulent conduct, practices, or representations," but without any intention to deprive the other of the movable permanently.

Substitution of Conviction of Lesser Included Offense
If an appellate court finds that the evidence, viewed in a light most favorable *843 to the state, supports only a conviction of a lesser included responsive offense, the court, instead of rendering a judgment of acquittal, may modify the verdict and render a judgment of conviction on a lesser included responsive offense, provided that it is clear that the jury or trial judge necessarily found the elements of the lesser offense beyond a reasonable doubt. La. Const. 1974, Art. 5, § 5(C), § 10(B); La.C. Cr.P. art. 821; State v. Byrd, 385 So.2d 248 (La.1980); State v. Tillman, 356 So.2d 1376, n. 2 at 1379 (La.1978). See Joseph, Postconviction Procedure, Developments in the Law, 19791980, 41 La.L.Rev. 625, 629 (1981). Article 821 of the Code of Criminal Procedure literally states that the court in such a case may substitute a judgment of conviction of the lesser included responsive offense when the evidence supports it. However, this article cannot be construed so as to empower the court to make a factual determination not actually made by the jury or trial judge. Constitutionally, the courts' appellate jurisdiction in criminal cases extends only to questions of law. Id.
Although a verdict of unauthorized use of movables is responsive to a charge of theft, La.C.Cr.P. art. 814(A)(26), and the evidence in this case would have supported such a conviction, we may not substitute that conviction for the theft conviction because it is not clear that the jury necessarily found the elements of unauthorized use of movables beyond a reasonable doubt.
The jury returned a single verdict of guilty of theft of property valued at $500 or more. Regarding the victim's state of mind, this verdict reflects only the jury's finding that the victim did not consent to a permanent deprivation of her property. It does not indicate any finding by the jury as to whether the victim consented to the temporary use of her property by the defendant. Consequently, we are unable to say that the jury necessarily found an essential element required to convict the defendant of unauthorized use of a movable, viz., that the victim did not consent to the defendant's temporary use of the movables for the purpose of obtaining a loan.
The evidence in the record is equivocal and would justify a finding either way on the question of whether defendant's sister consented to the defendant's temporary use of her jewelry to obtain a loan. The close relationship of the victim to her brother, indicated by her entrusting him with the care of her child and the custody of her car and house keys, implies tacit consent at least to some uses of her property. Further, the defendant's sister, as a witness for the defense, testified that she had no objection to her brother using her jewelry to obtain a pawnbroker's loan. On the other hand, the defendant gave law officers a statement in which he said he did not even have her consent to enter the house. The probative effect of this statement is reduced considerably, however, by the other evidence in the case which shows overwhelmingly that the sister left the defendant her house keys and and told him to take from her home anything he needed for the care of her child. Consequently, we conclude that the jury could have reasonably found either way on the question of whether the defendant's taking and use of the jewelry was within the ambit of the victim's tacit consent to some uses of her property by the defendant.
The Double Jeopardy Clause precludes retrial of the defendant on the charge of theft but not on the charge of unauthorized use of movables. The United States Supreme Court in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) held that the Double Jeopardy Clause precludes retrial once the reviewing court has found the evidence legally insufficient to support conviction. This standard "means that the government's case was so lacking that it should not have even been submitted to the jury." (Emphasis in the original). Burks, 437 U.S., at 16, 98 S.Ct., at 2150, 57 L.Ed.2d 1 (1978). Accordingly, because we have found the evidence of theft legally insufficient to support a conviction, the defendant may not be retried for this offense. On the other hand, because the evidence of unauthorized use of movables was legally sufficient to support *844 a conviction, and constituted a case properly submitted to the jury, the defendant may be retried for this crime.

Decree
The defendant's conviction, multiple offender adjudication and sentence are reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
MARCUS, LEMMON and COLE, JJ., concur in part and dissent in part and assign reasons.
MARCUS, Justice (concurring in part and dissenting in part).
I agree that there was insufficient evidence of defendant's intent to deprive the owner of her jewelry permanently. However, I consider that the evidence, viewed in a light most favorable to the state, supports the conviction of unauthorized use of movables, La.R.S. 14:68, which is a lesser included responsive offense of theft, La. Code Crim.P. art. 814(A)(26). Accordingly, I would modify the verdict and render a judgment of conviction for unauthorized use of movables (the lesser included responsive offense). La.Code Crim.P. art. 821(E); State v. Byrd, 385 So.2d 248 (La. 1980). Accordingly, I concur in part and dissent in part.
COLE, Justice, concurring in part and dissenting in part.
I concur defendant's conviction for theft and his multiple offender adjudication must be set aside because of insufficient evidence to prove an essential element of the crime. However, I see no reason why C.Cr.P. article 821(E) should not apply. The evidence, viewed in a light most favorable to the state, supports a conviction of a lesser included responsive verdict, i.e., unauthorized use of a movable. The test to determine the "sufficiency" of evidence is whether a reasonable fact finder must have a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Byrd, 385 So.2d 248 (La.1980). Under the facts of this case, I believe the jurors could have no reasonable doubt as regards defendant's use of the movables without consent. I would therefore, modify the verdict and render a judgment of conviction on the lesser included responsive offense. I would then remand the case for a redetermination of the multiple offender status and for resentencing. Accordingly, I dissent respectfully from that part of the opinion which would remand for the purpose of having defendant retried for the offense of unauthorized use of movables.