747 So.2d 61 (1999)
STATE of Louisiana, Appellee,
v.
Carlos D. JOHNSON, Appellant.
No. 31,448-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Rehearing Denied April 27, 1999.
Writ Denied November 12, 1999.
*63 John M. Lawrence, Indigent Defender Board, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, PEATROSS, KOSTELKA, JJ.
KOSTELKA, J.
On June 26, 1997, a jury found Carlos D. Johnson guilty of theft of goods valued at $500 or more, La. R.S. 14:67. He was sentenced to ten years at hard labor. After a subsequent adjudication as a third *64 felony offender, La. R.S. 15:529.1, Johnson was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He appeals his conviction and the enhanced sentence. We affirm.

FACTS
Johnson and the victim, Connie Brown, dated from mid-November 1996 until early April 1997. During the period between December 1996 and April 1997, when the couple lived together, Brown began to notice that some of her possessions were missing from her apartment.
When Brown approached Johnson about the missing items, he initially denied taking them but finally admitted that he had misappropriated her things and pawned them for drug money. Johnson gave Brown some of the pawn tickets to retrieve her items, telling her that if she wanted the items back, she would have to go to the pawn shops and retrieve the items herself. Nonetheless, Brown gave Johnson a deadline for redeeming the items, telling him that she would go to the police if they had not been returned by that date.
Brown subsequently went to the police on April 4, 1997, and filed a theft complaint. She also gave the pawn tickets to the police who were able to recover two sets of wedding rings, a cross and chain, Brown's high school class ring, a ring given to her by her mother, a VCR with remote control, and some of Brown's video-taped movies from three different pawn shops in both Shreveport and Bossier City.
During this time, Johnson was on active probation and was required to see his parole officer on a monthly basis. At a meeting with his parole officer, Bob Lee, on April 7, 1997, Johnson confessed that he had a drug problem and that he had misappropriated and pawned Brown's VCR. Upon learning that Brown had filed the complaint, Lee asked Johnson to accompany him to the police station, to which he agreed.
At the police station, Johnson waived his Miranda rights and admitted to Detective Thomas Delrey that he knew Brown, had taken her belongings and had sold them to pawn shops in Shreveport and Bossier City. Johnson also gave Detective Delrey a pawn ticket for one of the items he took from Brown, a VCR with remote control, and confessed to having taken Brown's class ring and a set of wedding bands.
Trial of this matter occurred on June 26, 1997. Following his conviction for felony theft, Johnson was adjudicated and sentenced as a multiple offender on February 2, 1998. This appeal ensued.

DISCUSSION

Abandoned Arguments
Because Johnson has failed to brief assignments of error numbers one and three regarding the admission into evidence of his statements to his probation officer and an excessive sentence claim on the theft conviction, they are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978).

Sufficiency of the Evidence
In this assignment of error, Johnson urges that the evidence was sufficient only to convict him of unauthorized use of a movable and that the state failed to prove adequately the items' value at $500 or more.
Although a claim of insufficient evidence is better addressed by a motion for post-verdict judgment of acquittal, La.C.Cr.P. art. 821, this court has held that it may also be raised by assignment of error on appeal. State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
The criterion for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *65 (1979); State v. Clower, 30,745 (La.App.2d Cir.06/24/98), 715 So.2d 101. That standard, initially enunciated in Jackson and now legislatively embodied within La. C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La. 1983); State v. Clower, supra.
Of course, it is always the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La. 1993). Where a trier of fact has made a rational determination, an appellate court should not disturb it. Indeed, in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. Id.
The crime of felony theft in the instant matter required proof that the defendant took another's property valued at $500 or more. An intent to deprive the other permanently of whatever may be the subject of misappropriation or taking is essential. La. R.S. 14:67. Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Sepulvado, 93-2692 (La.04/08/96), 672 So.2d 158, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996).
Johnson argues that the state failed to prove that he intended to permanently deprive Brown of her things because he did not sell them on the street; he merely pawned them and retained the pawn tickets which he provided to both Brown and the police. We cannot agree.
Johnson ignores the fact that he could not produce pawn tickets for all of the items he was accused of stealing from Brown and that a large group of the items stolen, including a man's gold nugget ring, a ten-carat gold medallion with Saudi Arabia written on it, a fourteen-carat gold bracelet with the words "I love you" on it, a second set of wedding bands with a solitaire diamond, numerous video tapes, CDs and cassette tapes, outdoor equipment, and a cassette player, remained unrecovered. Certainly, when viewed in the light most favorable to the state, a reasonable fact finder could conclude that Johnson intended to deprive the victim permanently of those items. Moreover, even regarding the pawned articles, it is clear that Johnson spread the items among three different pawnshops in both Shreveport and Bossier City, thus making retrieval at least difficult. He only admitted his actions after being confronted by Brown and even then made no effort to return any of the items. Accordingly, without Brown's discovery of the missing items and subsequent confrontation, those items would have been sold to the general public, thereby depriving Brown of her property permanently.
We also fail to find merit to Johnson's claim that the state failed to prove the stolen items were valued at $500 or more. Unless it is shown that the owner lacks knowledge of the value of a movable, his or her testimony as to value is generally admissible, with its weight being left to the jury. State v. Dilworth, 358 So.2d 1254 (La.1978); State v. Curtis, 319 So.2d 434 (La.1975). Although Brown admitted to not being an expert in valuation, she was obviously familiar with the personal items which were removed from her home. There has been no showing that Brown lacked knowledge of the valuables or electronics. The jury obviously weighed her testimony, valuing the stolen items at $500 or more in favor of the state. Accordingly, we find no merit to this argument.

Multiple Offender Hearing
Johnson next argues that he was not arraigned in accordance with La. R.S. 15:529.1(D), not advised of his constitutional right to remain silent prior to the hearing on the habitual offender bill, and that the state failed to prove Johnson's identity *66 by linking him with the properly proven "pen pack" documentation. We find no merit to any of these claims.
In an habitual offender proceeding, the state is required to prove only a prior felony conviction and that the defendant is the person convicted of the earlier offense. State v. White, 28,095 (La.App.2d Cir.05/08/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.06/26/98), 719 So.2d 1048.
Regarding Johnson's arraignment, the court minutes of December 15, 1997, show that Johnson, present with counsel, waived formal arraignment. Moreover, the trial court's failure to advise a defendant in an habitual offender hearing of his or her right to be silent and to have the state prove its case will result in a harmless error if the defendant remains silent throughout the proceedings and the state presents competent evidence to prove the existence of defendant's prior conviction, as well as his or her identity as the person previously convicted. State v. Kittlin, 97-92 (La.App. 3d Cir.06/04/97), 695 So.2d 1137. Despite his argument to the contrary, the record shows that the state adequately proved Johnson's identity through expert testimony by comparing fingerprints on the previous bills of information with the bill of information in the present case. See State v. White, supra. Additionally, the uncontroverted "pen pack" evidence, submitted in compliance with La. R.S. 15:529.1(F), adequately proves Johnson's prior offenses without the necessity of independent proof. State v. Nicholas, 359 So.2d 965 (La.1978); State v. White, supra. Therefore, because adequate proof exists as to both identity and the prior offenses, and the record shows that Johnson remained silent throughout the proceedings, he cannot show prejudice. State v. Stewart, 27,049 (La.App.2d Cir.05/10/95), 656 So.2d 677, writs denied, 95-1764, 95-1768 (La.12/08/95), 664 So.2d 420. This assignment of error is without merit.

Excessive Sentence
Johnson next contends that the trial court erred in failing to grant his motion to reconsider the sentence, including a claim that the court failed to comply with La.C.Cr.P. art. 894.1, and in imposing an excessive sentence on the habitual offender adjudication.
The definition of criminal conduct and the provisions of penalties for such conduct is a purely legislative function. State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993). Pursuant to this function, the legislature enacted the habitual offender statute which has been held on numerous occasions to be constitutional. State v. Johnson, supra. Since that statute in its entirety is constitutional, the minimum sentences it imposes on recidivists are presumed to be constitutional. Id.
The determination of an appropriate minimum sentence by the legislature should be afforded great deference by the judiciary. While the judiciary is not without authority to declare a mandatory minimum sentence under the habitual offender law excessive under the facts of a particular case, this should be done only in those rare instances where there is clear and convincing evidence to rebut the presumption of constitutionality. Id.; see State v. Dorthey, supra.
The trial judge may not rely solely upon the nonviolent nature of the instant crime or prior crimes as sufficient evidence to rebut the constitutional presumption. State v. Johnson, supra. A record of nonviolent offenses can be a factor in a sentencing judge's determination that the minimum sentence is excessive, but it cannot be the only or major reason for such a determination. Id.
In order to successfully rebut the presumption that the mandatory minimum sentence is constitutional, a defendant *67 must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. Additionally, in determining whether Johnson has met his burden, the trial judge must consider that the goals of the Habitual Offender Law are to deter and punish recidivism. Id. Finally, it must be emphasized that the departure downward from the minimum sentence prescribed under the Habitual Offender Law should occur only in rare instances. Id.
We first note that because the sentence imposed is statutorily prescribed, trial court compliance with La.C.Cr.P. art. 894.1 is not mandated. Nor do we find the imposed sentence excessive. As noted above, the state proved Johnson's previous convictions of armed robbery and attempted possession of a Schedule II drug. In compliance with La. R.S. 15:529.1 A(2)(b)(ii), which imposes a statutory minimum life sentence for a third felony offender who has a prior felony defined as a crime of violence under La. R.S. 14:2(13), the court imposed a life sentence to be served without benefit. Accordingly, the imposed sentence is presumed to be constitutional. State v. Johnson, supra.
Johnson avers that the sentence is unconstitutional because of the nonviolent nature of the underlying offense, the fact that he tried to undo his wrong by returning the pawn shop receipts to the victim and that the "core of his actions were compelled by an addictive substance (cocaine)." We cannot, however, agree that these factors clearly and convincingly demonstrate that Johnson is the "exceptional" defendant for which downward departure from the mandatory statutory minimum is required. State v. Johnson, supra.
Despite the nonviolent nature of the present theft offense, Johnson's record shows a history of violent criminal activity. His presentence investigation report also shows two prior drug-related convictions and a forgery conviction. Moreover, Johnson's criminal record, spanning from 1981 to the present, escalated in severity of offense and included two probation revocations. The record discloses that any attempts by Johnson to "undo" the wrongs done Brown occurred only after he was caught and confronted. Even after confessing to the crime, Johnson made no effort at restitution and continues, even on appeal, to blame his actions on a drug habit.
After close scrutiny of the record before us, we conclude that Johnson has failed to rebut the presumption of constitutionality of this mandatory minimum sentence. Under the circumstances, including a violent history and that previous periods of probationary treatment and incarceration have failed to deter Johnson, the chosen sentence is meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. The assigned errors lack merit.

Ineffective Assistance of Counsel
On appeal, Johnson has specified four areas in which he believes his trial counsel's behavior was ineffective. These include a failure to file a post-judgment verdict of acquittal pursuant to La.C.Cr.P. art. 821, a failure to file a motion to have the habitual offender sentence of life imprisonment reduced, a failure of both his trial attorney and the trial court to inform him of his rights prior to the multiple offender hearing and his counsel's trial strategy.
Ordinarily, such claims are more properly presented by application for postconviction relief. State v. Gipson, 28,113 (La.App.2d Cir.06/26/96), 677 So.2d 544, writ denied, 96-2303 (La.01/31/97), 687 So.2d 402; State v. Milligan, 28,660 (La. App.2d Cir.12/11/96), 685 So.2d 1127, writ denied, 97-0379 (La.06/30/97), 696 So.2d 1005. In the interest of judicial economy, *68 however, the issues may be resolved on direct appeal if the record contains sufficient evidence pertaining to the matter. Id.
In alleging ineffective assistance of counsel, a defendant must satisfy a two-pronged test by showing first, his attorney's performance to be so deficient as to deny him the "counsel" guaranteed by the Sixth Amendment; and second, that those errors are so serious as to deprive the accused of a fair trial, i.e., one with a reliable result. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to prevail under the Strickland test, Johnson must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State v. Gipson, supra. Also a reviewing court must give great deference to the trial attorney's judgment, tactical decisions and strategy, strongly presuming the accordance of reasonable professional assistance. Strickland, supra; State v. Gipson, supra.
Already having addressed and determined that the evidence was sufficient to maintain a verdict of felony theft, Johnson cannot now show prejudice regarding his attorney's failure to file a post-verdict judgment of acquittal. Additionally, because we have also previously determined that no prejudice resulted from the failure to advise Johnson of his constitutional rights prior to the multiple offender hearing, we find no merit to this aspect of his claim. Moreover, our earlier review of Johnson's motion to reconsider sentence and our determination that the life sentence imposed was constitutional precludes any claim of prejudice regarding the failure of trial counsel to file a motion for reconsideration of the sentence imposed.
Regarding trial counsel's strategy, Johnson claims that his attorney should have filed a motion for continuance in order to give him more time to investigate, prepare a solid defense and gather character witnesses. The record before us fails to support these claims. Character evidence, which is generally inadmissible, can never be used to destroy conclusive evidence of guilt. La. C.E. art. 404(A)(1). Accordingly, with sufficient evidence existing in the record for conviction, Johnson can show no prejudice from trial counsel's failure to gather character witnesses or in failing to request a continuance to do so.
We find no merit in Johnson's argument that trial counsel's failure to file for a continuance resulted in an inadequate line of defense. In this argument, Johnson contends that instead of choosing to question the valuation of the items, counsel should have presented evidence of the fact that he maintained possession of pawn tickets for all of the items stolen and gave Brown two of his employment checks for the purpose of getting the items out of the pawn shop in order to show that he did not intend to permanently deprive her of her belongings and, therefore, could be guilty only of unauthorized use of a movable.
Counsel's choice to raise a question as to the value of the stolen items is a valid and reasonable trial strategy. Additionally, the record shows that trial counsel made a tactical decision to introduce the fact Johnson freely admitted to a drug habit which caused him to steal and/or pawn Brown's items in an attempt to negate an intent by Johnson to permanently deprive Brown of her property. Contrary to Johnson's claim that he gave the victim two checks to get her things out of the pawn shop, the record shows that he gave her the checks only after he had been arrested for the present offense and thereafter accused Brown of forging his signature on the documents. Accordingly, this evidence tends to cast a shadow on Johnson's character and only shows an attempt by Johnson to rectify the situation after he got caught. Trial counsel's failure to utilize this evidence is a reasonable tactical decision. Johnson's continued possession of the remaining pawn tickets was likewise tactically and reasonably rejected by trial counsel due to its obvious potential to suggest that Johnson intended to permanently deprive Brown of her belongings.
*69 Moreover, it was ultimately the jury, after court instruction regarding the lesser included verdict of unauthorized use of a movable, which found the evidence sufficient to convict Johnson of theft of goods valued at $500 or more.
In sum, Johnson's claims of ineffective assistance of counsel do not meet the test pronounced in Strickland. This assignment of error is, therefore, without merit.

CONCLUSION
For the foregoing reasons, Johnson's conviction and sentence are affirmed.[1]
CONVICTION AND SENTENCE AFFIRMED.
APPLICATION FOR REHEARING
NORRIS, C.J., WILLIAMS, CARAWAY, PEATROSS and KOSTELKA, JJ.
Rehearing denied.
NOTES
[1] We note that we have permitted Johnson to file a late supplemental brief in which he requests that this court consider State v. McBride, 504 So.2d 840 (La.1987) as "authority to be applied toward his case and ruling." We have, however, previously considered McBride and distinguish it on its facts.