11 WILLIAMS, J.
The defendant, James Tippett Randell, was charged by bill of information with purse-snatching, a violation of LSA-R.S. 14:65. The defendant originally pled guilty, was adjudicated a fourth felony offender, and was sentenced to life imprisonment. Subsequently, the trial court granted the defendant’s motion to withdraw his guilty plea pursuant to LSA-C.Cr.P. art. 559. Following a bench trial, the defendant was convicted of the offense. Thereafter, the state filed a third felony habitual offender bill of information, alleging the defendant had pled guilty to the charge of simple robbery on two prior occasions, October 19, 1994 and September 22, 1997. Following an evidentiary hearing, the trial court adjudicated the defendant a third felony offender and sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence pursuant to LSA-R.S. 15:529.1(A)(l)(b)(ii). On appeal, the defendant argues the sentence is excessive. For the reasons that follow, the defendant’s sentence is affirmed.
FACTS
On April 23, 2002, the defendant explored a neighborhood in Caddo Parish looking for work and asking residents of the neighborhood for money. The defendant knocked on the door of the home of an elderly couple, Weaver and Mary Ralls, and asked Mrs. Ralls for money. She sent him away. Minutes later, the defendant approached Mr. Ralls, who was in the driveway of his home, and asked him for money in exchange for putting air in the tires of Mr. Ralls’ car. Mr. Ralls took out his wallet to give the defendant “two, three, four dollars” when the defendant snatched the wallet Land walked away. Mr. Ralls tried to stop him, but he was 78 years old, while the defendant was 38 years old, 5 feet, 11 inches tall, and weighed 250 pounds. Mr. Ralls observed the defendant take approximately forty *395 dollars out of the wallet, place the money in his pocket, and toss the wallet aside.
A neighbor, Sarah Serio, had been watching the defendant from her car because she thought he seemed suspicious. Ms. Serio and Mr. Ralls pursued the defendant as Ms. Serio called the police from her cellular phone. Ms. Serio drove ahead of the defendant and asked three men who were working in a yard nearby to stop the defendant. The three men stopped the defendant, talked to him, and told him that if he had done nothing wrong, then he had nothing to worry about. The three men stated that the defendant reached into his pants as if he had a gun, so they tackled and held him until the police arrived. The defendant did not have a weapon on his person, but the police found approximately forty dollars in his pocket. Mr. Ralls accurately described to the police the values of the individual bills. Mr. and Mrs. Ralls, Ms. Serio and the yard men positively identified the defendant as the person who had taken Mr. Ralls’ wallet.
Following a bench trial, the defendant was convicted of purse snatching pursuant to LSA-R.S. 14:65 and was later billed a third felony habitual offender. The trial court adjudicated the defendant as a third felony habitual offender based on a plea of guilty to a charge of simple robbery on October 19, 1994 and a guilty plea to another charge of simple robbery on September 22, 1997, as well as the conviction in the instant ease. On July 7, |32004, the defendant was sentenced to serve life in prison without benefit of probation, parole or suspension of sentence.
DISCUSSION
In his sole assignment of error, the defendant contends although his sentence is statutorily mandated, the sentence is “unduly harsh and unconstitutionally excessive.” According to the defendant, the two prior simple robbery convictions “were not violent in nature.”
LSA-R.S. 15:529.1, the habitual offender statute, provides, in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
* * *
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13) ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable fey imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The definition of criminal conduct and the provision of penalties for such conduct is a purely legislative function. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wade, 36,295 (La.App. 2d Cir.10/23/02), 832 So.2d 977. Pursuant to 14this function, the legislature enacted the habitual offender statute, which has been held, on numerous occasions, to be constitutional. State v. Johnson, supra. Since that statute in its entirety is constitutional, the minimum sentences it imposes on recidivists are presumed to be constitu *396 tional. Id.; State v. Gass, 31,816 (La.App. 2 Cir. 1/20/99), 728 So.2d 896. While the judiciary is not without authority to declare a mandatory minimum sentence under the habitual offender law excessive under the facts of a particular case, this should be done only in those rare instances where there is clear and convincing evidence to rebut the presumption of constitutionality. State v. Johnson, supra; State v. Randleston, 96-1646 (La.10/4/96), 681 So.2d 936. To merit a deviation below the mandatory minimum sentence, the defendant must clearly and convincingly show that he is “exceptional.” State v. Johnson, supra. Such downward departures should occur only in rare instances. Id.
In this case, the defendant does not argue that he is “exceptional.” Rather, his only contention is that his offenses have not been very violent. It is undisputed that the defendant had been convicted of simple robbery on two prior occasions, and in the instant matter, he was convicted of purse snatching. LSA-R.S. 14:2(13) specifically enumerates both “purse snatching” and “simple robbery” as crimes of violence.
Prior to imposing sentence, the trial court considered a pre-sentence investigation report (“PSI”) and the facts of the case, and gave reasons for the sentence given. The court noted the defendant’s “lengthy criminal history,” which included “a variety of felonies.” Nevertheless, it would | shave been an exercise in futility for the court to elaborate on sentencing factors, as the court lacked discretion in sentencing this defendant pursuant to LSA-R.S. 15:529.1. State v. Wade, 36,295 (La.App. 2 Cir. 10/23/02), 832 So.2d 977, 987; State v. Johnson, 31,448 (La.App. 2 Cir. 3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, cert. denied 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000).
On the record, we do not find constitutional error. The defendant has not shown that his case is exceptional or extraordinary in any way, or that he deserves a lenient sentence contrary to the statutorily-mandated sentence of life imprisonment as a third felony offender.
CONCLUSION
For the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.