Judgment rendered October 2, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,822-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

Versus

JAMMIE L. EDWARDS                            Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22-CR-33218

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

CHARLES B. ADAMS                         Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
ETHAN P. ARBUCKLE
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**STEPHENS, J.,**

This criminal appeal arises from the Forty-Second Judicial District Court, Parish of DeSoto, the Honorable Amy Burford McCartney, Judge, presiding. The State of Louisiana charged the defendant, Jammie L. Edwards ("Edwards"), with possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies in violation of La. R.S. 14:95.1. Following a trial, the jury unanimously convicted Edwards as charged. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 17, 2022, Deputy Hunter Martinez with the DeSoto Parish Sheriff's Office observed an older model GMC truck driven by the Edwards cross the fog and center lines multiple times. Because there was a vehicle between Dep. Martinez and the GMC truck, he did not initiate a traffic stop but continued to follow Edwards. Dep. Martinez and Deputy Melvin Fayard, who was following Dep. Martinez in his own vehicle, remained in contact throughout the course of events. Edwards eventually pulled into the parking lot of a nearby liquor store. Dep. Fayard stated that he watched Edwards pull into the parking lot, but Dep. Fayard continued down the highway to a road where he could circle back around to watch the parking lot of the liquor store. Dep. Fayard testified that Edwards came to a stop at the corner of the building near the drive-through but did not pull into the drive-through. Instead, Dep. Fayard watched as Edwards drove out of the parking lot onto the highway and headed in the opposite direction. Dep. Fayard then initiated a traffic stop for failure to maintain proper lanes.

While conducting the traffic stop, Dep. Fayard spoke with Edwards and noticed a firearm located next to Edwards near his thigh as well as an

open beer can. Dep. Fayard requested that Edwards exit the vehicle, at which time Dep. Martinez arrived on the scene. Dep. Martinez also observed the firearm in the vehicle. Dep. Fayard questioned Edwards about the firearm, and Edwards stated that the weapon and the truck belonged to his brother. Dep. Martinez stated that he observed the firearm on the driver's seat of the vehicle as Dep. Fayard questioned Edwards. A search of Edwards' criminal history revealed that he was a convicted felon, and his parole had ended in 2014, making it illegal for Edwards to be in possession of a firearm. The officers then arrested Edwards for possession of a firearm by a convicted felon.

On January 4, 2023, the State charged Edwards by bill of information with possession of a firearm or carrying a concealed weapon by a person convicted of certain felonies in violation of La. R.S. 14:95.1, and a jury trial commenced on April 25, 2023. The State first called Detective Skyler Vanzandt with the Red River Parish Sheriff's Office to testify. The trial court recognized Det. Vanzandt as an expert in latent fingerprint examination and identification. Det. Vanzandt testified that the fingerprints from Edwards' June 2012 conviction of possession of schedule II controlled dangerous substance, methamphetamine, matched the fingerprints taken that same day before the trial began. Agent Shane Lodrigue with probation and parole next testified that Edwards was on parole for a conviction of possession of methamphetamine. Agent Lodrigue stated that Edwards' full-term date ended on February 5, 2014.

Kadarios Edwards, the defendant's brother, testified that he loaned his brother his truck so he could attend a funeral. After learning that his brother was arrested, Kadarios went to the district attorney to claim his property. He

2

wrote a statement in which he claimed possession of the firearm and stated that his brother had no idea the gun was in the truck.

Following the testimony and closing arguments, the trial court read the jury charge. In its charge, the trial court stated the following:

> If you find that the defendant fled immediately after a crime was committed, or after he was accused of a crime, the flight alone is not sufficient to prove that the defendant is guilty. However, flight may be considered along with all other evidence. You must decide whether such flight was due to consciousness of guilt or to other reasons unrelated to guilt.

At a charge conference held in chambers prior to the start of trial, Edwards' attorney argued that the flight instruction was improper as the defendant did not refuse to pull over. The action of stopping in the parking lot at the liquor store was not actively fleeing from an officer. The State, in response, argued that flight does not require aggravated flight but has to do with the defendant avoiding apprehension by the police. The trial court overruled the objection and stated that the instruction left it up to the jury to determine whether there was a flight, and whether the instruction applied to the case.

On April 26, 2023, the jury returned a unanimous verdict of guilty as charged. The jury also requested leniency based on Edwards' honesty and cooperation. The trial court set a sentencing date and ordered that a presentence investigation ("PSI") report be prepared.

The sentencing hearing took place on August 21, 2023. The trial court noted that Edwards' criminal history included five prior felony convictions: unauthorized use of a motor vehicle in 1998; manufacturing/distribution/possession of a schedule I (marijuana) in 2007; possession with intent to distribute schedule I (marijuana) in 2008; possession of schedule II CDS, methamphetamine in 2012; and the instant

3

offense. Similarly, the court stated that Edwards had previous misdemeanor convictions as well as numerous arrests for which the disposition is unknown or the charges were dismissed. Furthermore, Edwards was arrested for possession of a firearm by a convicted felon in 2017, but this charge was dismissed. The trial court also stated that the defendant had prior failures on probation and parole in 2008 and 2012.

In its reasoning, the court stated that it considered Edwards' significant criminal history and prior failures on probation and parole. Furthermore, the probation and parole office recommended that Edwards receive the maximum sentence of 20 years. The court noted for the record it considered the information presented at trial, the PSI report, and the La. C. Cr. P. art. 894.1 sentencing guidelines. The trial court sentenced Edwards to ten years at hard labor without benefit of probation, parole, or suspension of sentence and included in its reasoning that a lesser sentence would deprecate the seriousness of the crime. The trial court also recommended that Edwards enroll in a substance abuse program through DOC. Edwards was given credit for any time served on the charges, and the trial court noted the defense's objection for the record. A motion to reconsider sentence was filed on September 6, 2023, and denied by the trial court on September 8, 2023. Edwards has filed the instant appeal.

## DISCUSSION

On appeal, Edwards asserts three assignments of error. First, Edwards maintains that the trial court erred in denying four challenges for cause during jury selection. Edwards also argues that the trial court improperly granted the State's motion to include a special jury instruction on flight even

4

though he did not flee from police. Lastly, Edwards urges that the ten-year hard labor sentence imposed is unconstitutionally harsh and excessive.

*No. 1 - Denial of For Cause Challenges*:

In his first assignment of error, Edwards maintains that the trial court erred in denying his challenges for cause as to four prospective jurors: Odom, Parker, Jones, and Rains. The State urges that the record shows that there was no abuse of the trial court's discretion in its rulings on each of the challenges for cause.

La. C. Cr. P. art. 797 provides five grounds a defendant may use to challenge a juror for cause:

(1) The juror lacks a qualification required by law;

(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;

(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;

(4) The juror will not accept the law as given to him by the court; or

(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.

A trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will be reversed only when a review of the *voir dire* record as a whole reveals an abuse of discretion. *State v. Tucker*, 13-1631 (La. 9/1/15), 181 So. 3d 590; *State v. Haire*, 55,289 (La. App. 2 Cir.

5

2/28/24), 381 So. 3d 230; *State v. Colby*, 51,907 (La. App. 2 Cir. 5/30/18), 244 So. 3d 1260, *writ denied*, 18-1256 (La. 3/25/19), 267 So. 3d 596.

During *voir dire*, Mr. Odom, Ms. Parker, and Ms. Rains indicated that they knew the ADA trying the case as a result of a personal or professional relationship. The ADA previously handled legal matters for Mr. Odom and Ms. Parker, and Ms. Rains discussed her friendship with the ADA and his wife. Mr. Odom also revealed he knew a deputy on the witness list. The State maintains that, after questioning these individuals, each prospective juror made it clear that they could remain impartial, apply the facts of the case to the law, and determine whether the defendant was or was not guilty.

As it pertains to Mr. Jones, the defendant notes that Mr. Jones indicated he took issue with individuals who had a criminal history and would find it difficult to forget criminal history when deciding the defendant's guilt or innocence. The State, however, argues that Mr. Jones indicated time and time again that he would look to the evidence and not make assumptions of guilt. The trial court determined that Mr. Jones communicated he would consider the evidence and not automatically find the defendant guilty.

Nothing in the record indicates that the trial court abused its discretion in denying the for-cause challenges made by defendant as to any of the potential jurors. Therefore, we find the defendant's first assignment of error is without merit.

<u>*No. 2 - Jury Instruction*</u>:

In his second assignment of error, Edwards urges that the trial court erred in allowing the jury instruction to include flight where there was no evidence he fled from police. Edwards maintains that the flight instruction

6

was not pertinent because he complied with the traffic stop by pulling over once the officer activated the lights and sirens. Because the inclusion of the flight instruction had the potential effect of confusing the jury, Edwards suggests this was not a harmless error. In contrast, the State urges that the testimony of the law enforcement officers negates Edwards' argument that he never fled from the officers.

Flight and attempt to avoid apprehension are circumstances from which a trier of fact may infer a guilty conscience. *State v. Durden*, 36,842 (La. App. 2 Cir. 4/09/03), 842 So. 2d 1244, *writ denied*, 03-1350 (La. 11/26/03), 860 So. 2d 1131; *State v. Garner*, 45,474 (La. App. 2 Cir. 8/18/10), 47 So. 3d 584. La. C. Cr. P. art. 802 provides:

> The court shall charge the jury:
>
> (1) As to the law applicable to the case;
>
> (2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and to apply the law as given by the court; and
>
> (3) That the jury alone shall determine the weight and credibility of the evidence.

La. C. Cr. P. art. 807 states, in pertinent part:

> The state and the defendant shall have the right before argument to submit to the court special written charges for the jury.
>
> . . . .
>
> A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.

While the record more accurately aligns with Edwards' argument that he complied with the traffic stop instead of fleeing from law enforcement, we find that the jury instruction constitutes harmless error when reviewed in

7

light of the record as a whole. The inclusion of this jury instruction for flight was inappropriate and unnecessary. However, the evidence in this case overwhelmingly supports Edwards' conviction, leading us to conclude that the inclusion of the flight instruction constitutes harmless error. Nothing in the record suggests that the instruction confused the jury or weighed heavily in the jury's determination of guilt. It is for these reasons that we find no merit in Edwards' assertion that the trial court erred in allowing the jury instruction to include flight.

*No. 3 – Excessiveness of Sentence:*

In his last assignment of error, Edwards argues that his ten-year hard labor sentence without benefit of parole, probation, or suspension of sentence is excessive. Instead, the proper sentence in this case, according to Edwards, is the minimum term of five years at hard labor. The State maintains that the trial court did not abuse its discretion in sentencing Edwards to ten years hard labor.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell*, *supra*; *State v. Kelly*, *supra*.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Id.*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell*, *supra*; *State v. Kelly*, *supra*.

La. R.S. 14:95.1(B) states that whoever is found guilty of possession of a firearm or carrying concealed weapon by a person convicted of certain felonies shall be imprisoned at hard labor for not less than five nor more than 20 years without the benefit of probation, parole, or suspension of sentence and be fined not less than $1,000 nor more than $5,000.

In support of his argument that he should only be sentenced to five years, Edwards points out that he is 45 years old and provides for five

9

children. He maintains that he has consistently been employed, and Edwards highlights the jury's request for leniency. The State, however, asserts that the trial court noted his previous criminal offenses and parole and probation revocations and opines that the trial court did not abuse its discretion. Instead, the trial court was lenient in sentencing where the probation and parole office recommended the maximum sentence.

At the sentencing hearing, the trial court noted for the record it considered the PSI report and the La. C. Cr. P. art. 894.1 sentencing guidelines. Furthermore, the trial court also recognized Edwards' criminal history as well as his prior failures on probation and parole. The trial court articulated that any lesser sentence would deprecate the seriousness of the crime and recommended that Edwards enroll in a substance abuse program. Our review of the record shows that the trial court substantially complied with the sentencing guidelines and properly exercised its discretion in sentencing Edwards to ten years at hard labor without probation, parole, or suspension of sentence. In reviewing the record and in light of the harm done to society, this ten-year sentence fails to shock our sense of justice; therefore, we cannot say the trial court abused its discretion in sentencing Edwards.

## CONCLUSION

Given the reasons expressed herein, the conviction and sentence of the defendant, Jammie L. Edwards, are affirmed.

**AFFIRMED**.