743 So.2d 890 (1999)
STATE of Louisiana, Appellee,
v.
Charles OWENS, Appellant.
No. 32,642-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*891 Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Charles D. Soileau, Assistant District Attorney, Counsel for Appellee.
Before GASKINS, KOSTELKA, DREW, JJ.
KOSTELKA, J.
In August 1997, defendant, Charles Owens, unlawfully entered the home of a seventy-five-year-old neighbor. While inside, he stole a handgun which he immediately sold to acquire drugs. Later that same evening, Owens again entered his neighbor's home. On this occasion, he sexually attacked the victim and demanded her purse. The woman was able to escape and fled from the scene. The state charged Owens with one count of attempted aggravated rape (La. R.S. 14:42, 14:27) and two counts of aggravated burglary (La. R.S. 14:60). Owens pled guilty as charged. The state then filed a habitual offender bill of information seeking to enhance the penalty on the attempted aggravated rape conviction. Again, Owens pled guilty as charged.
After ordering, receiving, and reviewing a presentence investigation report, the trial court sentenced Owens to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence the minimum term of imprisonment for a second felony offender convicted of attempted aggravated rape. La. R.S. 15:529.1. The trial court also ordered Owens to serve fifteen years at hard labor on each of the two burglary convictions. Finally, the court directed that all three sentences be served concurrently. Owens failed to move for reconsideration of his sentence, but now appeals that sentence as excessive. We affirm.
La.C.Cr.P. art. 881.1 precludes the state or defendant from raising on appeal any objection to the sentence not previously raised in a motion to reconsider. Because Owens failed to move for reconsideration, he is barred from attacking, on any grounds, his sentence on appeal. State v. James, 95-962 (La.App. 3d Cir.02/14/96), 670 So.2d 461; State v. King, 95-344 (La.App. 3d Cir.10/04/95), 663 So.2d 307, writ denied, 95-2664 (La.App. 3d Cir.03/15/96), 669 So.2d 433. See also, State v. Barber, 30,019 (La.App.2d Cir.01/21/98), 706 So.2d 563, writ denied, 98-1353 (La.10/09/98), 726 So.2d 24; State v. Powell, 621 So.2d 111 (La.App. 2d Cir. 1993), writ denied, 629 So.2d 413 (La. 1993). However, under similar circumstances, i.e., failure to file a motion to reconsider sentence, this court has granted the defendant a review of his sentence solely on the grounds of constitutional excessiveness. See, e.g., State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164.
Yet, even were we to review this sentence, we would find no error. First, we recognize that because the sentence imposed for the habitual offender adjudication is statutorily prescribed, the trial court's compliance with La.C.Cr.P. art. *892 894.1 is not mandated.[1]State v. Carlos Johnson, 31,448 (La.App.2d Cir.03/31/99), ___ So.2d ___, 1999 WL 173970. Furthermore, as noted by the supreme court, inasmuch as the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Walter Johnson, 97-1906 (La.03/04/98), 709 So.2d 672. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. Id. In order to rebut this presumption, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id. No such evidence exists in this record.
Rather, the facts of this case, combined with Owens' personal and criminal histories as revealed in the presentence investigation report, clearly demonstrate that the minimum sentence imposed for the attempted aggravated rape as well as the mid-range sentences imposed for the aggravated burglaries, all of which are to be served concurrently, are not illegal or grossly disproportionate to the severity of the crimes. Nor do these sentences shock the sense of justice.
We have examined the record for errors patent and noted none.
AFFIRMED.
NOTES
[1] And, of course, regarding the aggravated burglary convictions, Owens has waived his right to complain about any lack of La.C.Cr.P. art. 894.1 compliance by his failure to file a motion to reconsider.