784 So.2d 714 (2001)
STATE of Louisiana, Appellee,
v.
Timothy GAY, Appellant.
No. 34,371-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
Wilson Rambo, Counsel for Appellant.
*715 Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian King, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
DREW, J.
A jury found Timothy Gay guilty as charged on one count of armed robbery. The district court adjudicated defendant as a third felony offender and imposed the mandatory sentence of imprisonment at hard labor for life without benefits. Defendant, who failed to file a motion for reconsideration, now argues that the court erred in finding him to be a third felony offender and that the sentence imposed is excessive.[1] Finding no merit to his claims, we affirm his conviction and sentence.

FACTS
Armed with a pistol, defendant and an accomplice committed a robbery at a Fina Mart convenience store on Line Avenue in Shreveport on September 21, 1999. The robbers, who tried to conceal their identities by wearing masks, obtained approximately $120 in cash and a carton of cigarettes. Witnesses gave the police a description of the getaway vehicle which subsequent investigation revealed had also been stolen from Waskom, Texas and which also had been involved in an armed robbery in that area. After defendant was arrested and advised of his Miranda rights, he admitted that he had participated in the Texas robbery and in the instant robbery. He further admitted that he knew the car was stolen, and that he also committed an armed robbery at a Circle K at JeffersonPaige and Pines Road in Shreveport.

DISCUSSION
Defendant contends the trial court erred in adjudicating him a third felony offender and in overruling his motion to quash. The record's third felony offender bill of information alleges prior guilty plea convictions in April 1993 for felony theft and for simple burglary in June 1993.
The theft conviction is supported by a copy of the bill of information and a copy of the court minutes reflecting that defendant was represented by Indigent Defender Board counsel, David McClatchey, and that defendant was informed "of his constitutional rights as per Boykin v. Alabama".
The burglary conviction is supported by a copy of the bill of information and the court minutes, reflecting that the defendant was represented by Indigent Defender Board counsel, David McClatchey, and that defendant was informed "of his constitutional rights as per Boykin v. Alabama".
Defendant's motion to quash the third felony offender bill of information alleges that the guilty plea on the theft charge is defective on the ground that "the defendant had not been properly advised of his constitutional rights before entering the guilty plea". The transcript of the multiple offender hearing belies this assertion.
Defense counsel further challenged the theft conviction on the grounds that he couldn't find a transcript of the guilty plea and that there was "no proof that the defendant's Constitutional Rights were maintained during the Boykin plea". That claim ignores the minute entries themselves. The court ruled that the state was *716 not required to produce a transcript and denied the motion to quash.
At the habitual offender hearing, the state presented evidence from Shreveport Police Department Commander Mark Rogers who, testifying as an expert, informed the court that the defendant's fingerprints matched the prints placed on the prior bills of information after defendant's convictions on those charges. The court accepted into evidence, without objection, certified copies of the court minutes for those prior convictions. The court then found defendant to be a third felony offender.
On appeal, the defense argues that the state must show the validity of prior guilty plea convictions by proof beyond a reasonable doubt. As part of this burden of proof, the defense argues that the state must present a contemporaneous record, i.e., a "perfect transcript" of a Boykin examination which affirmatively demonstrates waiver of the rights to trial by jury, to confrontation and to remain silent. These arguments do not correctly state the current jurisprudence.
The lead case in this area is State v. Shelton, 621 So.2d 769 (La.1993). There the supreme court held:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.
Here, the state proved the existence of the prior guilty pleas and that defendant was represented by counsel on each instance when the pleas were entered. The defendant did not produce any evidence or even claim an infringement of his rights or any procedural irregularity. Thus, these assignments are clearly without merit. The habitual offender adjudication is, therefore, affirmed.
Next, the defendant complains that the trial court imposed an excessive sentence and failed to comply with La.C.Cr.P. art. 894.1 The record does not contain a motion for reconsideration of sentence. The minutes do not indicate that such a motion was ever filed.
The transcript of the preliminary examination provides information about some of defendant's numerous other offenses which comprise a one man crime wave.
The sentencing colloquy begins after defendant's adjudication as a third felony offender. Defense counsel noted that the habitual offender statute prescribed a life sentence in this case and that armed robbery is a serious offense. However, counsel pointed out that defendant, age 24, is "fairly young" and asked the court to impose less than the mandatory life sentence.
The prosecutor pointed out that defendant was facing two counts of burglary in one pending case and charges of simple escape and battery on a police officer in another case. In a third pending case, defendant was charged with aggravated perjury. He also had a fourth pending case involving another armed robbery.
The court said it had examined the [habitual offender] statute and considered defendant's criminal history. The court found that the priors and the pending charges indicated defendant was a danger to the community if given anything less. "He is ... on a crime spree." The court said it had not heard anything which would require imposition of a sentence less than what the law required. The court then *717 imposed sentence of life imprisonment without benefits.
Appellate defense counsel argues that the district judge did not adequately state reasons for sentence and that the court should have imposed a sentence of less than the mandatory minimum as provided for by the habitual offender statute.
Under these same circumstances, i.e., where the defendant failed to file a motion to reconsider sentence, this court has granted the defendant a review of his sentence solely on the grounds of constitutional excessiveness. See, e.g., State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
La. R.S. 15:529.1(A)(1)(b)(ii) provides in pertinent part that if the third felony is defined as a crime of violence, the defendant shall be imprisoned for the remainder of his natural life, without benefits. La. R.S. 14:2(13)(w) defines armed robbery as a crime of violence. Thus, the sentence the court imposed was statutorily mandated.
Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La.C.Cr.P. art. 894.1 is not required. State v. Owens, 32,642 (La. App.2d Cir.10/27/99), 743 So.2d 890; writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 553; State v. Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied 99-1689 (La.11/12/98), 749 So.2d 653; cert. denied, 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802. Furthermore, since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
A court may only depart below the minimum sentence if it finds clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. Id. In order to rebut this presumption, the defendant must clearly and convincingly show he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences which are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id. No such evidence exists in this record.
Rather, the facts of the case, coupled with defendant's history, his criminal record, and the crimes to which he confessed but with which he was not charged in this case, clearly demonstrate that he is a career criminal and a menace to society. He has no proper regard for the property or lives of others and is willing to put people in jeopardy of receiving great bodily harm or death in his pursuit of acquiring property through violent crime.
In sum, the court was not required to articulate any more reasons for sentence than it did. There is no clear and convincing demonstration that the mandated sentence is constitutionally excessive. These assignments lack merit. The sentence is affirmed.

Error Patent Review
No errors patent were noted.

DECREE
For the foregoing reasons, the conviction and sentence are AFFIRMED.
NOTES
[1] An assignment of error which challenged the sufficiency of the evidence to support the conviction for armed robbery was abandoned by failure to brief. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989), writ denied, 558 So.2d 1123 (La.1990).