859 So.2d 307 (2003)
STATE of Louisiana, Appellee,
v.
Clarence Eugene WARFIELD, Appellant.
No. 37,616-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2003.
*308 Louisiana Appellate Project, Peggy J. Sullivan, Monroe, for Appellant.
Paul J. Carmouche, District Attorney, J. Thomas Butler, Assistant District Attorney, Edward M. Brossette, Assistant District Attorney, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
DREW, J.
Clarence Eugene Warfield was convicted of simple burglary, adjudicated as a fourth felony habitual offender, and sentenced to life imprisonment without benefits. Defendant appealed his conviction, adjudication and sentence. We affirm.

FACTS
On or about August 16, 2001, Shreveport police officers responded to a silent alarm at the Thrifty Liquor Store located on North Market in Shreveport. The defendant ran out of the building and was apprehended while in flight. He was later charged with simple burglary, in violation of La. R.S. 14:62, for which offense a six-person jury found him guilty as charged.
Thereafter, the state filed a fourth felony habitual offender bill of information. The bill charged as previous felonies the following district court docket numbers: 125,024; 153,877; 177,859A; and 204,146, all from Caddo Parish. The instant offense was charged as Warfield's fifth felony. At the habitual offender adjudication hearing, the state qualified Lieutenant Garry Bass of the Caddo Parish Sheriff's Department as an expert in fingerprint identification. In court, Bass took the defendant's fingerprints, which were introduced into evidence as Exhibit S-1.
The state then presented the following evidence:
1. Exhibit S-2, a certified copy of the bill of information, filed October 5, 1983, in docket number 125,024, charging the defendant with simple burglary and bearing the defendant's fingerprints on the reverse side of the bill; Exhibit S-3, a certified copy of the clerk of court's minutes in docket number 125,024, reflecting that the defendant was advised of his rights per Boykin v. Alabama,[1] and that he pled guilty to the charge of simple burglary.
2. Exhibit S-6, a certified copy of a bill of information in docket number 153,877, charging the defendant with simple burglary and bearing the defendant's fingerprints, dated July 5, 1991, on the reverse side of the bill; Exhibit S-7, a certified copy of the clerk of court's minutes in docket number 153,877, showing that the defendant was advised of his rights per Boykin v. Alabama, and that he pled guilty to the charge of simple burglary.
*309 3. Exhibit S-8, a certified copy of the bill of information in docket number 177,859A, charging the defendant with possession of a schedule II controlled dangerous substance, cocaine, and bearing the defendant's fingerprints, dated February 8, 1996, on the reverse side of the bill; Exhibit S-9, a certified copy of the clerk of court's minutes in docket number 177,859A, showing that the defendant was advised of his rights per Boykin v. Alabama, and that he pled guilty to the charge of possession of a schedule II controlled dangerous substance, cocaine.
4. Exhibit S-10, a certified copy of the bill of information in docket number 204,146, charging the defendant with driving while intoxicated third offense, and bearing the defendant's fingerprints, dated December 1, 1999, on the reverse side; Exhibit S-11, a certified copy of the clerk of court's minutes in docket number 204,146, showing that the defendant was advised of his rights per Boykin v. Alabama, and that he pled guilty to the charge of driving while intoxicated third offense.
The defense made no objections to the introduction into evidence of the exhibits listed above. The state also attempted to introduce evidence of another simple burglary conviction, docket number 148,702 (Exhibits S-4 and S-5), but the evidence was objected to and withdrawn because that offense was not listed as a prior conviction in the multiple offender bill of information. The trial court found the defendant to be a fourth felony habitual offender.
Subsequently, the defendant was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. He filed a written motion to reconsider sentence, which was denied without a hearing. This appeal followed.

DISCUSSION
I. The Adjudication
The defendant argues that the state failed to meet its burden of proof regarding district court docket numbers 125,024, 148,702, 153,877 and 204,146. Specifically, the defendant argues that the state did not meet its burden under State v. Shelton, 621 So.2d 769 (La.1993), because the certified copies of the district court minutes of the prior felonies introduced into evidence did not show that he actually waived his Boykin rights. Defendant now argues that these minute entries do not comply with Boykin and therefore provide no proof of any previous convictions. See, State v. Jeffers, 623 So.2d 882 (La.App. 2d Cir.1993). Furthermore, the defendant complains that since the bill of information for docket number 148,702 was withdrawn by the state, only two simple burglary convictions remained as predicates for the fourth felony habitual offender adjudication, necessitating a remand for re-sentencing in accordance with that finding.
The defense is confused on this point. Specifically, the state did attempt to introduce evidence of another simple burglary conviction (docket number 148,702), marked as exhibits S-4 and S-5, but they were actually withdrawn because docket number 148,702 was not one of the convictions listed in the multiple offender bill of information at issue during the instant adjudication hearing.
Four prior felonies other than docket number 148,702 were proven. The evidence introduced was clearly sufficient to meet the state's initial burden of proof for an habitual offender proceeding. The defendant failed to present any opposing *310 evidence of any defects in the prior guilty pleas.
In State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 02-2875 (La.4/4/03), 840 So.2d 1213, this court discussed an identical argument. In Wade, the defendant specifically contended that the court minutes, which recited "only that the requirements of Boykin have been complied with," were insufficient to prove the pleas were valid, citing State v. Jeffers, supra. This court discussed the argument and the applicable law as follows:
The State's burden of proof in habitual offender proceedings under R.S. 15:529.1 is stated in State v. Shelton, 621 So.2d 769 (La.1993):
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. 621 So.2d at 779 (footnotes omitted).
In the instant case, the State offered certified copies of the amended bill of information charging Wade with committing armed robbery on August 15, 1994, and the bill of information charging him with possessing a Schedule II CDS, cocaine, on May 22, 1997. A fingerprint expert, Sgt. McConnell, confirmed that the fingerprints on both bills belonged to Wade. The State also offered certified copies of the court minutes of May 8, 1995, when he pled guilty to armed robbery, and of February 22, 1999, when he pled guilty to possession of a Schedule II CDS. Both sets of court minutes recited, "The court informed the defendant of his constitutional rights per Boykin v. Alabama (see court reporter's transcript)." Wade did not object to the introduction of the court minutes, thus distinguishing the case from State v. Jeffers, supra. Instead, Wade offered no affirmative evidence showing any infringement of his rights or procedural irregularity. State v. O'Neal, 34,814 (La.App.2d Cir.10/12/01), 795 So.2d 1292. Thus the court was entitled to find that the State met the initial burden under State v. Shelton, supra, and that Wade failed to meet his.
The State proved, beyond a reasonable doubt, every essential element of the habitual offender bill under R.S. 15:529.1. State v. Shelton, supra; State v. O'Neal, supra.

State v. Wade, 832 So.2d at 985, 986. Emphasis added.
*311 A review of the record supports the conclusion that the state proved, beyond a reasonable doubt, every essential element of the habitual offender bill under R.S. 15:529.1. State v. Shelton, supra; State v. Wade, supra. Certified copies of the bills of information from the four prior felonies charged in the habitual offender bill were introduced into evidence, and a fingerprint expert confirmed that the fingerprints on all four bills belonged to the defendant. The state also offered certified copies of the court minutes of all four prior felonies. All four sets of court minutes reflected that the defendant was represented by counsel when each guilty plea was taken, with the judge acknowledging that the pleas were taken as per Boykin v. Alabama. At no time did the defendant object to the introduction of the court minutes. The defendant offered no affirmative evidence reflecting any infringement of his rights or procedural irregularity. The court properly found that the state met the initial burden under State v. Shelton, supra, and that the defendant failed to meet his burden.
II. Cruel and Unusual Punishment
The defendant argues the record does not reflect that certain factors were adequately considered in particularizing his sentence. Specifically, he contends that the following factors should have been considered:
 personal history,
 prior criminal record,
 seriousness of the offense,
 likelihood that he will commit another crime, and
 his potential for rehabilitation through correctional services other than confinement.
He further complains that no pre-sentence investigation report was ordered and there was no compliance with La. C. Cr. P. art. 894.1, contending that no effort was made to particularize this sentence to him, or to indicate any basis for a life sentence. He argues that the trial court erred in determining that it had no discretion in imposing the mandatory life imprisonment sentence. He concludes that his sentence is excessive and the matter should be remanded for imposition of a particularized, and presumably, lesser, sentence.
The state is correct that the defendant did not properly raise his argument regarding non-compliance with La. C. Cr. P. art. 894.1, in that he alleged mere excessiveness of sentence in his timely-filed motion to reconsider sentence.
When a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
Furthermore, because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714; State v. Owens, 32,642 (La.App.2d Cir.10/27/99), 743 So.2d 890, writ denied, 00-0438 (La.9/29/00), 769 So.2d 553. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, cert. denied 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000).
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense *312 or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
In this case, La. R.S. 15:529.1(A)(1)(c)(ii) mandated a life sentence without benefits for defendant: he is a fourth felony offender, two of the predicate felonies, as well as this instant crime, are for simple burglary.
Although, in State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 00-2726 (La.10/12/01), 799 So.2d 490. This is not the case here, under these facts.
Since the habitual offender law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The mandatory life sentence imposed by La. R.S. 15:529.1 is presumptively constitutional and should be accorded great deference by the judiciary. State v. O'Neal, 36,431 (La.App.2d Cir.10/23/02), 830 So.2d 408.
The defendant's burden was to rebut the presumption that a mandatory minimum sentence is constitutional. He had to clearly and convincingly show that he is exceptional, i.e., because of unusual circumstances, he is a victim of the legislature's failure to assign sentences meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, 709 So.2d at 676, citing Judge Plotkin's concurrence in State v. Young, 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
The defendant's claim of constitutional excessiveness is not supported in this record. The sentence is neither grossly disproportionate to the severity of the offense, nor does it shock the sense of justice.

DECREE
The defendant's conviction, habitual offender adjudication, and sentence are AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).