LOLLEY, J.
1 ,This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, Scott Lynn Jones, was convicted of aggravated flight from an officer, a violation of La. R.S. 14:108.1(C). He was subsequently adjudicated a third-felony offender and sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence pursuant to La. R.S. 15:529.1(A). Jones now appeals, and for the following reasons his conviction and sentence are affirmed.
Facts
On May 8, 2010, Jones led five Shreveport Police Department patrol units and three Caddo Parish Sheriff’s Office patrol units on a high-speed chase through the streets of Shreveport, Louisiana and Interstate 49. Prior to the chase, Jones had been followed by a customer as he left a Family Dollar store on West 70th Street in Shreveport, where he had allegedly committed a robbery. The customer saw Jones get into a black Pontiac Grand Prix and followed him until he was able to identify the vehicle to officers responding to the robbery.
When officers witnessed the vehicle run through a red light, they tried to stop the vehicle. Jones refused to pull over and in the ensuing pursuit, failed to obey numerous stop signs, red lights and no passing zones in densely populated residential and commercial areas, consistently driving in excess of the posted speed limit and pulling into oncoming lanes of traffic. To avoid police spike strips, Jones drove onto curbs and medians. Once southbound on 1-49, officers pursued Jones at speeds of approximately 115 miles per hour. After entering DeSoto Parish, Jones exited the interstate and re-entered it, heading back northbound into Caddo Parish. Just prior to reaching the Southern Loop off of Interstate-49, Jones drove off the right shoulder of the interstate, abandoned his car in a bayou, and ^briefly tried to swim across the bayou. However, his steel-toed boots weighed him down, and Jones gave himself up to the pursuing officers.
Jones was ultimately charged by bill of information with one count of simple robbery and one count of aggravated flight from an officer. The bill was amended on the day of trial to omit the simple robbery charge, and Jones was tried before a jury on the charge of aggravated flight from an *422 officer. The jury returned a unanimous verdict of guilty as charged.
Immediately after the verdict, the State filed a multiple offender bill charging Jones as a third-time felony offender. Jones’s motion for post-verdict judgment of acquittal was denied, and a multiple offender hearing was conducted. At the hearing, the State submitted proof in the form of bills of information containing Jones’s fingerprints, court minutes and guilty plea transcripts, evidencing that he had pleaded guilty to one count of simple burglary on April 1, 2003, and to four counts of simple robbery on August 11, 2004. Based on the aforementioned evidence, the trial court adjudicated the defendant a third-felony offender.
Jones was sentenced under the provisions of La. R.S. 15:529.1(A)(3)(b) to life imprisonment without the benefit of parole, probation or suspension of sentence. A motion to reconsider sentence making only a claim of constitutional excessiveness was filed by Jones and denied by the trial court. The instant appeal followed.
Discussion
In his only assignment of error, Jones argues that the trial court erred by imposing an excessive sentence. Specifically, Jones maintains that a life sentence for him is nothing more than a needless infliction of pain and suffering making no treasonable contribution to acceptable penal goals. He argues a drug problem as a mitigating factor, including drug use during the commission of his most recent offense. Jones also urges consideration of his three children.
Louisiana R.S. 15:529.1(A), in pertinent part, provides:
Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
(3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
[[Image here]]
(b) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Simple robbery and aggravated flight from an officer are designated as crimes of violence under La. R.S. 14:2(B)(21) and (39). Simple burglary is punishable by not more than 12 years’ imprisonment, with or without hard labor. La. R.S. 14:62(B).
Where there is a mandatory sentence, there is no need for the trial court to justify, under La. C. Cr. P. art. 894.1, a sentence it is legally required to impose. State v. White, 45,915 (La.App.2d Cir.02/02/11), 58 So.3d 493, writ denied, 2011-0373 (La.06/24/11), 64 So.3d 220. Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required. *423 State v. Thomas, 41,734 (La.App.2d Cir.01/24/07), 948 So.2d 1151, writ denied, 2007-0401 (La.10/12/07), 965 So.2d 396; State v. Gay, 34,371 (La.App.2d Cir.04/04/01), 784 So.2d 714. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Thomas, supra.
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 1997-1906 (La.03/04/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Gay, supra. The Johnson court addressed the issue of mandatory sentences in the context of the habitual offender law. There, the court held that the downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional; namely, that he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case. Id. at 676.
Here, because Jones’s instant felony is a crime of violence, and his two prior felony convictions included both an offense punishable by imprisonment for up to 12 years (simple burglary), and an offense also designated as a crime of violence (simple robbery), the requirements of La. R.S. 15:529.1(A)(3)(b) are met. The trial court properly sentenced him to the sentence mandated by statute. Jones did not appeal his adjudication as a third-felony offender, nor did he make any showing of exceptional circumstances to justify a downward departure from the mandatory life sentence. No evidence was presented at the time of sentencing. No argument Lwas made at sentencing regarding a downward departure from the required minimum sentence. Instead, for the first time on appeal Jones relies on his alleged drug problem, his three children, and his admission of guilt to the predicate offenses through guilty pleas.
Jones fails to explain why these factors, considered either individually or cumulatively, make him exceptional and make the life sentence without parole not meaningfully tailored to the gravity of his offense, his culpability therefor, and the circumstances of the case. Even presuming his self-reported addiction to drugs to be true, drug addiction has been found insufficient to rebut the presumption of the constitutionality of a defendant’s enhanced life sentence under the multiple offender statute. State v. Baker, 2000-1050 (La.App. 5th Cir.11/15/00), 776 So.2d 1212, 1218-1219, writ denied, 2001-0044 (La.11/16/01), 802 So.2d 621. As to defendant’s “taking of responsibility” for his earlier crimes, the mere entering of a guilty plea is no more evidence of the defendant’s sincere remorse for his conduct than it is evidence of his desire to avail himself of the benefits of the bargain being offered. Accordingly, because Jones has not shown that his sentence is excessive, this assignment of error is without merit.
Conclusion
For the foregoing reasons, the conviction and sentence of Scott Lynn Jones are affirmed.
AFFIRMED.