BROWN, C.J.
*147 Defendant, Joe Litton Bailey, was convicted of simple burglary, in violation of La. R.S. 14:64, and was subsequently adjudicated as a third-felony habitual offender, in violation of La. R.S. 15:529.1. Bailey was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. Bailey claims the evidence at trial was insufficient to convict and that the life sentence is grossly disproportionate to the nonviolent offense for which he was convicted. For the following reasons, defendant's conviction and sentence are affirmed.
FACTS
On June 15, 2013, a valet parking attendant observed a man breaking into an Acura SUV parked in a lot across the street from the Scottish Rite Temple in downtown Shreveport. The break-in was reported to Paul Hambleton, owner of Shreveport Valet Parking Services, who observed a man at the back driver's side of the vehicle, walking away from it. Hambleton did not see the actual break-in. Hambleton testified that he also noted that the man's right arm had been cut just below and above the wrist and that the man was bleeding. Hambleton described the perpetrator as a black male, 6'2", and slender in build. Hambleton testified that he called out for the man to stop, then gave chase to get the license plate number of the older model Lexus in which the perpetrator left the scene. Hambleton wrote down the numbers and provided them to the police. Hambleton testified that he observed that the driver's window of the Acura SUV had been broken, and that there was blood on the car seat and ground.
Corporal Kevin Duck of the Shreveport Police Department responded to the crime scene and testified that he observed that the front driver's side window of the subject Acura was broken, and there was broken glass and blood inside of the vehicle. Cpl. Duck collected two samples of the blood from the center console of the Acura which he gave to the North Louisiana Crime Lab for testing. No photographs were taken of the scene. Sergeant Charles Thompson of the Shreveport Police Department testified that he took buccal swabs from a possible suspect, Joe Bailey, to compare to the DNA recovered from the Acura.
Michelle Vrana, the DNA section supervisor of the North Louisiana Crime Lab, testified that she analyzed the reference sample collected from Bailey by Sgt. Thompson, as well as the unknown samples collected from the Acura by Cpl. Duck. Vrana testified that the DNA profile obtained from the unknown sample was consistent with the DNA profile obtained from the reference sample collected from Bailey. The probability of finding the same DNA profile, if it had come from a randomly selected individual other than Bailey, was approximately 1 in 37.6 quadrillion.
Sgt. Thompson also interviewed the owner of the Acura, Bill Sample, who reported that he had attended a function at the Scottish Rite Temple on June 15, 2013. Sample testified that he was notified by security that his vehicle had been broken into. Sample reported to officers that nothing had been stolen from the vehicle. Sgt. Thompson presented Sample with a photograph of Bailey. Sample did not recognize Bailey and stated that there was no reason that Bailey's blood should have been in his *148 vehicle. A jury found Bailey guilty as charged. Following a hearing, a motion for post-verdict judgment of acquittal was denied.
On September 8, 2016, the state filed a third-felony habitual offender bill of information. Bailey's prior convictions included a 1990 armed robbery conviction for which he was sentenced to 15 years' imprisonment and a 2006 simple robbery conviction for which he was sentenced to six years' imprisonment concurrent with a probation revocation. On December 14, 2016, Bailey was adjudicated a third-felony habitual offender. During the habitual offender hearing, the state noted that it had tendered an offer for Bailey to plead guilty as a second-felony habitual offender with an agreed upon sentence of 20 years' imprisonment and a waiver of appeal rights. Bailey rejected the offer, refusing to waive his right to an appeal.
On October 27, 2016, Bailey filed a sentencing statement and Dorthey motion for a downward departure in sentencing. He argued that he was 49 years old and employed with two jobs at the time of his arrest. Bailey admitted to having two prior felony convictions and three prior misdemeanor convictions, including misdemeanor theft in 1984, misdemeanor theft in 1987, and flight from an officer in 2003. Bailey asserted that the instant conviction was not a crime of violence, no one was injured, a dangerous weapon was not used, and he did not steal anything from the vehicle. Arguing that he was not the worst of offenders, Bailey asked that he be sentenced to a number of years rather than the mandatory life sentence. The state responded, informing the trial court that Bailey had an additional conviction in 1990 for simple robbery, which was not included in the habitual offender bill of information. Bailey filed a supplement to his Dorthey motion, asserting that the 1990 armed robbery was committed when he was a younger man addicted to drugs. Bailey further argued that he was a principal to the 2006 simple robbery, but was not the party who physically committed the robbery.
On December 20, 2016, the trial court denied Bailey's Dorthey motion for a downward departure in sentencing. Bailey was sentenced to the mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Bailey filed a motion to reconsider sentence, which was denied by the trial court following a hearing. This appeal followed.
DISCUSSION
Sufficiency of Evidence
Bailey argues that the state failed to prove that an actual crime scene existed, a vehicle was broken into, or his DNA was recovered from the vehicle allegedly broken into. He argues that, as such, the state failed to meet its burden of proving each element necessary for the offense of simple burglary.
A claim of insufficient evidence is determined by whether, on the entire record, a rational trier of fact could find defendant guilty beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). On review, the appellate court considers whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , supra ; State v. Tate , 01-1658 (La. 5/20/03), 851 So.2d 921 ; State v. Crossley , 48,149 (La. App. 2 Cir. 6/26/13), 117 So.3d 585, writ denied , 13-1798 (La. 2/14/14), 132 So.3d 410. The appellate court does not assess the credibility of witnesses or reweigh evidence, and gives great deference to the jury's decision *149 to accept or reject the testimony of a witness or the weight the jury gives to direct or circumstantial evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442 ; State v. Eason , 43,788 (La. App. 2 Cir. 2/25/09), 3 So.3d 685, writ denied , 09-0725 (La. 12/11/09), 23 So.3d 913, cert. denied , 561 U.S. 1013, 130 S.Ct. 3472, 177 L.Ed. 2d 1068 (2010).
La. R.S. 14:62 defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein." In this case, Paul Hambleton testified that he was alerted to the break-in by one of his valet parking attendants, who witnessed the break-in. Hambleton observed the man, who had a cut arm, walking away from the vehicle. The driver's side window of the vehicle had been broken. Blood located inside of the vehicle, on the center console, was determined to be consistent with Bailey's DNA profile. Although nothing was removed from the vehicle, the owner of the vehicle, Bill Sample, testified that he did not know Bailey, and Bailey had no reason to be inside of his vehicle. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the state proved beyond a reasonable doubt that Bailey entered the vehicle without authorization with the intent to commit a theft. This assignment is without merit.
Excessive Sentence
In his counseled assignment of error, Bailey argues that the state did not consider him to be an unredeemable threat to society, as evidenced by the state's plea offer. Bailey argues that a sentence of life imprisonment is grossly disproportionate to the nonviolent offense for which he was convicted and exemplifies the use of the habitual offender law in a way that violates constitutional prerogatives. Bailey asserts that, by imposing a life sentence, the trial court made no measurable contribution to acceptable goals of punishment. In his pro se assignment of error, Bailey adopts his appellate counsel's arguments, and further argues that the state used his prior offenses and other information that had not been proven at trial against him at sentencing.
The state argues that Bailey has not shown that he is the rare or exceptional defendant for whom this mandatory sentence could be found to be constitutionally excessive, and the plea offer does not establish that Bailey was considered to be such an exception.
In State v. Dorthey , 623 So.2d 1276 (La. 1993), and State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, the Louisiana Supreme Court addressed the issue of mandatory sentences in the context of the habitual offender law. In State v. Dorthey , supra , the supreme court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the habitual offender law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." Id. at 1280-81.
Because the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Dorthey , supra ; State v. Johnson , supra ; State v. Burks , 47,587 (La. App. 2 Cir. 1/16/13), 108 So.3d 820, writ denied , 13-0424 (La. 7/31/13), 118 So.3d 1116. As such, a sentencing judge must always start with the presumption that a mandatory minimum sentence under the habitual offender law is constitutional.
*150 State v. Dorthey , supra ; State v. Johnson , supra . To rebut the presumption that the mandatory minimum sentence is constitutional, defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Dorthey , supra ; State v. Johnson , supra ; State v. Thomas , 50,898 (La. App. 2 Cir. 11/16/16), 209 So.3d 234.
Departures from mandatory minimum sentences by their nature must be exceedingly rare. State v. Little , 50,776 (La. App. 2 Cir. 8/10/16), 200 So.3d 400, writ denied , 16-1664 (La. 6/16/17), 219 So.3d 341. A trial judge may not rely solely upon the non-violent nature of the instant or past crimes as evidence that justifies rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the main reason for declaring such a sentence excessive. State v. Johnson , supra ; State v. Burks , supra ; State v. Fisher , 50,301 (La. App. 2 Cir. 12/30/15), 185 So.3d 842, writ denied , 16-0228 (La. 2/3/17), 215 So.3d 687.
In this case, La. R.S. 15:529.1(A)(3)(b) mandates a life sentence without benefits for Bailey because he is a third-felony offender whose current offense of simple burglary is punishable by imprisonment, with or without hard labor, for a term not to exceed 12 years. La. R.S. 14:62. Bailey has two prior convictions for armed robbery and simple robbery. Both are crimes of violence. La. R.S. 14:2(B). In 1990, Bailey pled guilty to armed robbery stemming from a series of gas station robberies in which he was under the influence of cocaine, armed himself with broken bottles, and stole money to purchase drugs. During one robbery, Bailey slammed a bottle onto a clerk's hand; no permanent injuries were sustained by the clerk. As to Bailey's 2006 conviction for simple robbery, he pled guilty to being a principal in the robbery of Amber Baker, but maintained that he was not the party who physically committed the robbery, where no property was taken from the victim. Bailey also admitted to two prior misdemeanor theft convictions in 1987 and 2003. Bailey's instant conviction of simple burglary, while not a crime of violence, is a felony. La. R.S. 14:2(B). The evidence shows that Bailey broke the driver's side window of the vehicle and reached into the car far enough to leave blood on the center console. There was nothing taken from the vehicle and the car itself was not stolen.
The record in this matter, as outlined above, shows that the evidence presented at trial was sufficient to sustain the conviction for simple burglary. Additionally, after a review of the record in its entirety, we find that Bailey has failed to prove that his mandatory life sentence is unconstitutionally excessive. Specifically, Bailey failed to meet his burden of proving by clear and convincing evidence that he is an exceptional case deserving of a sentence deviation. The imposed sentence is appropriate under the facts and circumstances of this case.
CONCLUSION
For the aforementioned reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.