Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,949-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

TIMOTHY GAY                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 204,582

Honorable John Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward K. Bauman

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

SENAE HALL
Assistant District Attorney

* * * * *

Before PITMAN, STONE, and BODDIE (*Pro Tempore*), JJ.

**BODDIE, J. (*Pro Tempore*)**

In the present case, after having been convicted following a jury trial for armed robbery of a convenience store on September 21, 1999, the defendant, Timothy Gay, was adjudicated a third felony habitual offender. The trial judge subsequently imposed a sentence of life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On September 17, 2020, pursuant to *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233, Gay was resentenced under the Habitual Offender Law to the mandatory statutory minimum of 66 years at hard labor, without the benefit of probation, parole, or suspension of sentence. Gay filed this appeal alleging that the sentence is constitutionally excessive. For the following reasons, we affirm the sentence.

## FACTS

On September 21, 1999, while masked and armed with a pistol, Gay and an accomplice entered a convenience store on Line Avenue in Shreveport, Louisiana, and stole $120 in cash and a carton of cigarettes. Upon his arrest, Gay admitted to officers that they stole the getaway vehicle in Waskom, Texas, and had used it for an armed robbery committed in the Waskom area. Gay also admitted that he committed another armed robbery of a convenience store in Shreveport.

After the jury found Gay guilty as charged, the state filed a habitual offender bill of information based on his two 1993 convictions for felony theft of cassette tapes and simple burglary of a truck. Gay, age 24, was adjudicated a third-felony habitual offender under La. R.S. 15:529.1 (A)(1)(b)(ii). At that time, the habitual offender statute mandated a sentence of life imprisonment without benefits for crimes classified under

La. R.S. 14:2 as crimes of violence. "Armed Robbery" was formerly and continues to be designated a crime of violence. La. R.S. 14:2(B)(21).

At sentencing, Gay argued that the court should impose less than the mandatory sentence of life when his young age is taken into consideration. In opposition, however, the prosecution noted that, in addition to Gay's two prior felony convictions, and the instant armed robbery conviction, he also had multiple felony charges pending against him in other cases: burglary (two counts), simple escape, battery of a police officer, aggravated perjury, and another armed robbery.

In view of this criminal history, the instant conviction, and the pending charges, the trial court found that Gay was on a crime spree, and that a lesser sentence than the mandatory minimum of life imprisonment was not warranted. The trial court sentenced Gay to life imprisonment without benefits.

On appeal, Gay argued that the trial court erred by failing to impose a sentence less than the mandatory minimum under the habitual offender statute. *State v. Gay*, 34,371 (La. App. 2 Cir. 4/4/01), 784 So. 2d 714. This court held that Gay's sentence was not constitutionally excessive, noting that Gay's numerous offenses comprised "a one-man crime wave." *Id.* at 716. In view of Gay's criminal history, including the instant armed robbery and the other crimes to which Gay confessed, the panel concluded:

> [H]e is a career criminal and a menace to society. He has no proper regard for the property or lives of others and is willing to put people in jeopardy of receiving great bodily harm or death in his pursuit of acquiring property through violent crime.
. . . .

> There is no clear and convincing demonstration that the mandated sentence is constitutionally excessive.

*Id.* at 717. Gay's conviction and sentence were affirmed. *Id.*

On July 5, 2018, Gay filed a motion to correct an illegal sentence, complaining that he was entitled to resentencing in light of *Esteen*, *supra*. The trial court denied relief, but on supervisory review this court ruled that the district court erred by failing to apply the 2001 ameliorative amendments provided by La. R.S. 15:308(B) to Gay's third-felony offender adjudication. We reversed the ruling and remanded the matter to the district court for application of the 2001 revisions of La. R.S. 15:529.1.

On November 4, 2019, the trial court resentenced Gay to 66 years at hard labor without benefits, the mandatory statutory minimum under the habitual offender statute. However, on August 14, 2020, since Gay was resentenced without legal representation present, this court granted his writ, vacated the sentence, and remanded the matter to the trial court to appoint counsel for Gay before sentencing.

On September 17, 2020, Gay appeared with appointed counsel for resentencing. Gay asked the trial court to consider granting him the benefit of parole. The court sentenced Gay to the mandatory minimum of 66 years at hard labor, without benefit of probation, parole, or suspension of sentence. The sentence was imposed to run concurrently with any other sentence Gay was serving with credit for time already served and notice of the delays to appeal the sentence and to seek post-conviction relief.

On September 29, 2020, Gay filed a motion to reconsider sentence, arguing that his sentence was constitutionally excessive and again asking the trial court to grant him the benefit of parole eligibility, in light of paragraph (G) of La. R.S. 15:529.1, which denies only the benefit of probation and

suspension of sentence, not parole.  The court denied reconsideration, and this appeal followed.

## DISCUSSION

By his sole assignment of error, Gay alleges that the court imposed a constitutionally excessive sentence.

Gay is currently 44 years old.  He has served more than 20 years of the original life sentence, now retroactively reduced to 66 years without benefits.  He has approximately 46 years remaining in his sentence, and he will not be eligible for release until age 90, which, in effect, is a life sentence.

Gay argues that the trial court "should have imposed the maximum sentence found not to be constitutionally excessive, as opposed to the mandatory minimum sentence."  The trial court was obligated, he maintains, to construe the Louisiana Habitual Offender Law so as to avoid excessive punishment, and to particularize the sentence imposed to the offender and the offense. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993).  The 66-year sentence for an offense committed at age 24, for $120.00 and some cigarettes, is excessive.  Gay contends that these facts show that this offense was not the worst of offenses, and that his prior felony convictions for theft of cassette tapes and burglary of a truck show that he is not the worst of offenders.  He further complains that his trial counsel remained silent during the proceedings, making no attempt to show why a deviation from the mandatory minimum was warranted in this case; nor did his attorney discuss Gay's personal history and his potential for rehabilitation.

The state argues that the 66-year term falls within the sentencing range established by the legislature and serves the purpose of the law,

4

namely, to deter and punish recidivism. Gay failed to present clear and convincing evidence that the mandatory minimum sentence in his case was so excessive that it violated the constitution such that a downward departure was warranted.

Gay was adjudicated as a third-felony habitual offender under La. R.S. 15:529.1. In 2001 La. Act No. 403, the legislature amended La. R.S. 15:308(A) to provide more lenient penalty provisions for certain enumerated crimes. These penalty provisions apply prospectively and retroactively to June 15, 2001, and apply to any crime committed subject to the revised penalties on and after such date. These more lenient penalty provisions apply to habitual offenders convicted or sentenced under La. R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii), provided that their application ameliorates the person's circumstances.

As amended, La. R.S. 15:529.1(A)(1)(b)(i) now provides that a third-felony offender shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. La. R.S. 15:529.1(A)(1)(b)(ii) no longer authorized a life sentence for a third-felony offender unless the third felony and the two prior felonies were either (1) felonies defined as a crime of violence under La. R.S. 14:2(13); (2) a sex offense as defined in La. R.S. 15:540 et seq. when the victim is under the age of 18 at the time of the offense; or (3) a violation of the Uniform Controlled Dangerous Substances Law punishable for 10 years or more or any other crime punishable by imprisonment for 12 years or more. By contrast, the pre-2001 version required imposition of a life

5

sentence for a third-felony offender if the third felony or any of the prior felony offenses fell into the categories listed above.

La. R.S. 15:529.1(G) states that any sentence imposed under the habitual offender provisions shall be at hard labor without benefit of probation or suspension of sentence. Regarding the imposition of a habitual offender sentence without benefit of parole, the conditions imposed on the sentence are determined by the sentencing provisions for the underlying offense. *State v. Hopkins*, 52,660 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1226, 1230, *writ denied*, 19-00841 (La. 9/24/19), 278 So. 3d 978. *State v. Sullivan*, 51,180 (La. App. 2 Cir. 2/15/17), 216 So. 3d 175; *State v. Thurman*, 46,391 (La. App. 2 Cir. 6/22/11), 71 So. 3d 468, *writ denied*, 11-1868 (La. 2/3/12), 79 So. 3d 1025. The penalty for armed robbery is imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64. Clearly, armed robbery mandates that the sentence be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B). Therefore, when armed robbery is the underlying conviction for the third felony habitual offender adjudication, the habitual offender sentence shall be served without benefit of parole.

As a third-felony habitual offender, Gay faced a sentencing range of 66-198 years at hard labor, without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:64; La. R.S. 15:529.1. The trial court correctly sentenced Gay to the statutory minimum of 66 years at hard labor without benefit of parole, probation, or suspension of sentence. We turn now to Gay's contention that his sentence is constitutionally excessive.

When the defendant's motion to reconsider sentence raises only a claim that the sentence imposed was constitutionally excessive, review of the sentence on appeal is restricted to that claim. La. C. Cr. P. art. 881.1; *State v. Sewell,* 53,571 (La. App. 2 Cir. 11/18/20), 307 So. 3d 362. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense and is nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, *supra*; *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711.

Initially, the trial court must state for the record the considerations and the factual basis for the sentence imposed. La. C. Cr. P. art. 894.1(C). The court must consider the defendant's personal history, the defendant's criminal record, the seriousness of the offense, and the likelihood of rehabilitation, but there is no requirement that specific matters be given any particular weight at sentencing. *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596. All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial. *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760.

The trial court has wide discretion in imposing sentence within the statutory limits. Absent a showing of an abuse of that discretion, a sentence will not be set aside as excessive. *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Mandigo*, 48,801 (La. App. 2 Cir.

2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. A reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031.

Because the Habitual Offender Law has been held to be constitutional, mandatory minimum sentences imposed under the statute are presumed to be constitutional. *State v. Dorthey*, *supra*; *State v. Bailey*, 51,627 (La. App. 2 Cir. 9/27/17), 245 So. 3d 145, 149, *writ denied*, 17-1734 (La. 5/18/18), 242 So. 3d 570. As such, the judiciary is required to give as much deference as is constitutionally possible to the Legislature's determination of the appropriate minimum sentence for a habitual offender. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672. As a result, departures from mandatory minimum sentences by their nature must be exceedingly rare. *Id.*; *State v. Meadows*, 53,329 (La. App. 2 Cir. 3/4/20), 293 So. 3d 681; *State v. Bailey, supra; State v. Little*, 50,776 (La. App. 2 Cir. 8/10/16), 200 So. 3d 400, *writ denied*, 16-1664 (La. 6/16/17), 219 So. 3d 341.

Nevertheless, under La. Const. art. I, § 20, the judiciary may determine that a mandatory minimum sentence is excessive in a particular case. *State v. Johnson*, *supra*; *State v. Dorthey*, *supra*. A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. *Id.* A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. *Id.* To rebut the presumption that his minimum sentence is constitutional, the defendant must clearly and convincingly demonstrate that his case is exceptional, which means that

8

because of unusual circumstances, he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. *State v. Johnson, supra*; *State v. Bailey*, *supra*; *State v. Gay*, *supra*.

In making this determination regarding a downward departure, the Louisiana Supreme Court stated in *State v. Johnson*, *supra*, that "while a defendant's record of nonviolent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive." *State v. Lindsey*, 99-3302 (La. 10/17/00), 770 So. 2d 339, 343, *citing State v. Johnson*, *supra*. "This is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses." *Id.*

Thus, the sentencing court, while mindful of the goals to deter and punish recidivism, must determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. *State v. Lindsey*, *supra*. The fact that a defendant's last felony was the only violent crime against a person is not an "unusual circumstance" that would support a downward departure. *State v. Lindsey*, *supra*. A person with prior nonviolent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. *Id.*

In the instant case, the record shows that the resentencing judge properly sentenced Gay under La. R.S. 15:529.1(A)(1)(b)(ii), as amended in

9

2001. His sentencing range was 66-198 years, so the imposed term of 66 years of imprisonment at hard labor constitutes the mandatory minimum under the statute. By law, the sentence was imposed without the benefit of parole, probation, or suspension of sentence.

Typically, an appellate court's first step in the two-step process for review of a sentence for excessiveness is to determine if the record shows that the trial court took cognizance of the criteria set forth in La. C. Cr. Pr. art. 894.1. *State v. Turner*, 51,888 (La. App. 2 Cir. 2/28/18), 246 So. 3d 695. In this case, the resentencing judge did not discuss the factors supporting the sentence imposed at resentencing, however, because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. *State v. Dukes,* 46,029 (La. App. 2 Cir. 1/26/11), 57 So. 3d 489, *writ denied,* 11-443(La. 3/2/12), 83 So. 3d 1033; *State v Warfield*, 37,616 (La. App. 2 Cir. 10/29/03), 859 So. 2d 307; *State v. Owens*, 32,642 (La. App. 2 Cir. 10/27/99), 743 So. 2d 890, *writ denied*, 00-0438 (La. 9/29/00), 769 So. 2d 553. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. *State v. Johnson*, 31,448 (La. App. 2 Cir. 3/31/99), 747 So. 2d 61, *writ denied*, 99-1689 (La. 11/12/99), 749 So. 2d 653, *cert. denied* 529 U.S. 1114, 120 S. Ct. 1973, 146 L. Ed. 2d 802 (2000); *State v. Warfield, supra; State v. Dukes, supra*. Moreover, we note that the same judge presided over the trial and initial sentencing of the defendant, and he articulated the factual basis of the sentence imposed at that time.

Although Gay's two prior convictions were for non-violent offenses, the trial court at the initial sentencing and this court on direct appeal

observed that Gay had numerous other arrests and pending offenses that also included crimes of violence. We concluded that Gay's behavior demonstrated a trend of criminal behavior that was escalating and established Gay's propensity for violence. As noted by the Supreme Court in *State v. Lindsey*, *supra* at 344, it is exactly this kind of criminal behavior that the goals of the Habitual Offender Statute are intended to deter and punish.

Gay did not present any argument or evidence supporting his claim that a downward departure from the minimum sentence was warranted. However, on appeal, Gay implies that his culpability for this offense was somehow diminished and his punishment too severe because the robbery resulted in a "get" of only $120 and a carton of cigarettes. This represents a fundamental misunderstanding regarding the gravity of the offense of armed robbery. It is not the value of the goods or the amount of money unlawfully stolen that renders armed robbery one of the most serious offenses, but the creation of circumstances posing imminent danger to human life, particularly where a firearm is used. "[A] loaded gun, pointed at a robbery victim, carries the inherent threat that death or great bodily harm is likely to result." *State v. Lewis,* 39,263 (La. App. 2 Cir. 1/26/05), 892 So. 2d 702, quoting *State v. Woods*, 494 So. 2d 1258 (La. App. 2 Cir. 1986). Even where the gun is unloaded or unworkable, "the likelihood of this serious harm can come from the threat perceived by victims and bystanders. The highly charged atmosphere of a pistol robbery is conducive to violence regardless of whether the pistol is loaded or workable because the danger created invites rescue and self-help." *Id.*

11

We conclude, therefore, that Gay failed to meet his burden of proof to rebut the presumption of constitutionality and to show, clearly and convincingly, that he is exceptional, such that the minimum sentence is so excessive under the facts of his case that it violates the state's constitution. Accordingly, Gay's claim that his sentence is constitutionally excessive is completely without merit.

## CONCLUSION

For the foregoing reasons, Gay's sentence of 66 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence is affirmed.

**AFFIRMED.**